UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

NORTHERN ASSURANCE COMPANY OF AMERICA,

                           Plaintiff,                                          **ORDER**

       -against-                                                12-CV-0375 (NGG) (JMA)

BIG APPLE LOGISTICS OF NY INC.,

                           Defendant.

-----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

On January 26, 2012, Plaintiff Northern Assurance Company of America, acting as subrogee of Tee Pee Olives, Inc. ("Tee Pee"), filed suit against Defendant Big Apple Logistics of NY Inc. (Compl. (Dkt. 1).) Defendant failed to appear or respond, and the Clerk of Court entered default on April 9, 2012. (Dkt. 9.) Plaintiff then moved for default judgment. (Dkt. 12.) The court granted Plaintiff's motion as to liability and referred the motion for damages and costs to Magistrate Judge Joan M. Azrack for a Report and Recommendation ("R&R"). (Dkt. 14.) On October 2, 2012, Judge Azrack issued an R&R recommending that plaintiff be awarded: (1) $82,275.95 in damages; (2) $927.66 in interest; and (3) $350.00 in costs. (R&R (Dkt. 17).) She also recommended that plaintiff be awarded per diem interest of $0.92 from October 3, 2012, through the entry of final judgment. (Id. at 6.)

At Judge Azrack's direction (See R&R at 7), Plaintiff served a copy of the R&R on Defendant and filed proof of service on ECF (Dkt. 18). Plaintiff then filed an objection to the R&R, objecting to Judge Azrack's award of interest. (Dkt. 19.) Specifically, Plaintiff argued that Judge Azrack erred in awarding interest at a rate lower than the 9% per annum rate "to

which Plaintiff is rightfully entitled," and asked that the R&R be amended to award interest at the 9% per annum rate. (Id.) No other objections to the R&R were filed.

In reviewing a magistrate judge's R&R, the district court "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); see also Porter v. Potter, 219 F. App'x 112, 113 (2d Cir. 2007) (failure to object waives further judicial review). The court reviews de novo "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1).

As Judge Azrack noted in her R&R, Plaintiff's motion for default judgment requested without explanation interest at the rate of .41% per annum. (Sweeney Aff. (Dkt. 11) ¶ 8; Pl. Mem. (Dkt. 13) at 4.) But Plaintiff now argues that it is entitled to interest under N.Y. C.P.L.R. § 5001 at a rate of 9% per annum, and that Judge Azrack erred in awarding interest at the lower rate Plaintiff requested.

The court need not consider new arguments or evidence not raised before the Magistrate. Henrietta D. v. Giuliana, No. 95-CV-0641 (SJ), 2001 WL 1602114, at *3 (E.D.N.Y. Dec. 11, 2001) ("It is well established that issues that were not raised before the Magistrate may not properly be deemed objections to any finding or recommendation made in the Report and Recommendation." (citing cases)). Accordingly, because Plaintiff failed to ask for, or demonstrate entitlement to, interest at a rate higher than .41% per annum, Judge Azrack correctly awarded interest at the rate Plaintiff requested.

Therefore, Judge Azrack's R&R is ADOPTED in its entirety, and the Clerk of Court is directed to enter final judgment awarding Plaintiff damages accordingly and to close this case.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
November 9, 2012

NICHOLAS G. GARAUFIS
United States District Judge